### No. 9084
### Orleans Appeal

**NATHAN LEPOW & SONS v. ESPIR S. HAIK & BROS., Appellants**

(November 2, 1925, Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Estoppel—Par. 37, 38, 39, 40.**

Where a purchaser of various shipments of merchandise admits in writing the receipt and delivery of the goods in exact amount and prices as shown in the original invoices, he is estopped when sued for the contract price to plead delay in shipments or that color assortments were not as ordered.

Appeal from Civil District Court, Division "D", Hon. Porter Parker, Judge.

This is a suit for the price of merchandise delivered. There was judgment for plaintiff as prayed for and defendants appealed.

Judgment affirmed.

Sol Weis and J. B. Cocke, of New Orleans, attorneys for plaintiff, appellee.

Gerald Netter, of New Orleans, attorney for defendant, appellant.

BELL, J. Plaintiffs, a commercial firm domiciled in the City of New York, sued defendants, a co-partnership doing business in New Orleans, for $1,125.26, the amount representing the value of certain wholesale lots of silk waists, as per invoices made part of plaintiffs' petition. The defendants admit the purchase of the goods, as described in the invoices, and that the terms and prices therein set forth are correct. The whole defense is found in the second paragraph of defendants' answer, which is as follows:

"Defendants admit having purchased the goods in question, but denies that said goods were in kind and character the goods ordered or the prices specified, and further alleges and aver that said goods were shipped too late; defendants further say that the color assortments was not correct, and that the order for said goods was cancelled, for reasons above stated, as well as for the reason that said goods were not shipped in time."

There was judgment as prayed for, and defendants have appealed.

The claim in this case arises from two orders for silk waists. On February 18, 1920, plaintiffs' salesman called on defendants at New Orleans and sold them a bill of goods for one hundred dozen waists at $7.50 per dozen. Twenty dozen of these were shipped within a week after the order was received in New York, and twenty-two dozen more were shipped during a period of ten days thereafter. The balance of the order was subsequently cancelled with plaintiffs' consent. Defendants have admitted their indebtedness for the shirt waists shipped under this order, and the price therefor is admitted to be the sum of $350.00. On May 10, 1920, defendants ordered by letter "twenty or thirty dozen shirt waists in every color but black". Under this second order, it appears from the record that forty dozen ordered at $15.00 per dozen, were shipped on May 18, 1920, and ten dozen more at $14.00 per dozen were shipped on June 24, 1920. While the prices of these goods do not seem to have been agreed upon prior to shipment, and while more shirt waists appear to have been sent than were ordered, the defendants did not, at any time, protest as to the number shipped. Not until July 17, 1920, was there any objection made to the price of these goods constituting the second order, nor to the price of the twenty-two dozen shipped under the first order. On the day mentioned, defendants wrote plaintiffs as follows:

"In regard to all the merchandise we have purchased from you in the line of waist, we are enclosing you an itemized invoice of all the shipment received, and the prices, which we are fully entitled to.

"Gentlemen, you are fully aware that this merchandise has dropped to a considerable point, and beg to state that we are unable to handle same under the prices you have billed us.

"We have a great deal of this stock undistributed for the above reason, and we kindly ask you to give the enclosed invoice your immediate attention, and let us hear from you by return mail as to what steps you are willing to undergo.

"The prices we are enclosing you, we think we will be able to handle the waist, so if this proves to be satisfactory to you, then kindly send us a correct invoice as enclosed, or enclose us the allowance for the differences in the prices.

"We regret to state these complaints, but we are sure if this is satisfactory to us it will meet with more than your approval."

Enclosed with the letter, as above quoted, was a list which defendants styled as an "invoice", and in which they committed themselves to the exact quantity of goods which had been received and to prices which they would be willing to pay under

conditions of a falling market. This document reads as follows:

No.Inv. Gros. Doz.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2/25 | 20 | Ladies waist | @ | $15.00 | $300.00 |
| 2/26 | 1 | " | " | " | 15.00 | 15.00 |
| 3/9 | 1/3 | " | " | " | 15.00 | 5.00 |
| 4/6 | 2/3 | " | . " | " | 15.00 | 10.00 |
| 5/18 | 40 | " | ." | " | 14.00 | 560.00 |
| 6/24 | 10 | " | " | " | 14.00 | 140.00 |

$1030.00

On July 20, 1920, plaintiffs answered defendants' letter of July 17, expressing surprise at the request for reduction in price, whereupon a second letter was written by defendants, under date of July 23, 1920, reading in part, as follows:

"Our letter to you of the 17th inst., states sufficient understanding, as to how this merchandise stands with us. In other words we are unable to handle this class of goods, under the price you billed us, our customers are asking for a reduction in the prices or they will return them."

Plaintiffs finally wrote, on July 26, refusing any reduction in prices as invoiced by them, and demanding payment of the bill as due. Four other amicable demands for payment were made by letters written weekly during the month of August, 1920.

On August 28, defendants sent plaintiffs a check for $595.00, with the inscription on the face thereof, "In full of our account". This check was promptly returned by plaintiffs, and correspondence was apparently suspended until October 20, 1920, when defendants again requested a reduction of the bill, and wrote in part, as follows:

"The whole history of the case is that you are trying to force on us goods at a certain price which has took a downward turn since buying, and which you are unable to sell to anyone else at present."

In none of defendants' letters which we find in the record does it appear that any complaint was registered against the kind or character of the goods shipped, or against their color assortment, nor does it appear that any of the goods now sued for were not shipped in time. Objections of the nature just noted are shown to have been registered only as a matter of defense after suit was filed. Defendants' letter of July 17, and the list enclosed therein, establish clear estoppel against the defenses urged in this suit. Defendants' record admissions show an amount in dispute of only $95.56, and there is nothing before us which would justify a reduction of the judgment as rendered. Gall Cure Collar Pad Company vs. Louis P. Rice and Company, No. 8657, Orl. App.

It is therefore ordered that the judgment appealed from be affirmed at defendants' cost in both courts.